Filed 2/14/25  P. v. McClain CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK McCLAIN,<br><br>    Defendant and Appellant. | B335966<br><br>(Los Angeles County<br>Super. Ct. No. TA141644) |

APPEAL from an order of the Superior Court of Los Angeles County, Kelvin D. Filer, Judge.  Reversed and remanded with directions.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Nicholas J. Webster and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2017, defendant Patrick McClain pleaded no contest to two counts of attempted murder and admitted he personally used a firearm in the commission of one of the attempted murders. In 2023, he filed a petition for resentencing under Penal Code[1] section 1172.6, a statute which authorizes relief for, among others, persons convicted of attempted murder under the natural and probable consequences doctrine. The trial court denied his petition without appointing counsel for him and ordering briefing. He contends, the Attorney General concedes, and we agree the trial court prejudicially erred. Based on the record of conviction before us, it is reasonably probable that if McClain had been afforded assistance of counsel, the trial court would not have summarily denied his petition without an evidentiary hearing. We reverse the order denying the petition and remand the matter for further proceedings under section 1172.6.

## BACKGROUND

### A.  Charges and No Contest Plea

An information, dated January 24, 2017, charged McClain and a codefendant with two counts of willful, deliberate, and premeditated attempted murder alleged to have occurred on the same date. The information also alleged, in pertinent part, that both defendants (and a principal) personally and intentionally discharged a firearm, causing great bodily injury to the two victims. (§ 12022.53, subds. (b)-(e)(1).) As to McClain, the information included prior conviction allegations, including the allegation that he had a prior robbery conviction that qualified as

[1] Undesignated statutory references are to the Penal Code.

2

a prior strike conviction under the "Three Strikes" law. (§§ 667, subd. (d) & 1170.12, subd. (b).)

On July 27, 2017, McClain waived his constitutional rights, withdrew his not guilty plea, and pleaded no contest to both counts of attempted murder. The prosecution dismissed the allegations that the attempted murders were willful, deliberate, and premeditated. As to count 1, McClain admitted he personally used a firearm. (§ 12022.53, subd. (b).) He also admitted the prior strike conviction. The parties stipulated to, and the court found, a factual basis for the plea.[2] Under the terms of the plea negotiation, the trial court sentenced McClain to 28 years in state prison: the upper term of nine years for the attempted murder in count 1, doubled to 18 years for the prior strike conviction, plus 10 years for the personal use firearm enhancement. The court imposed a concurrent term of nine years for the attempted murder in count 2.

## B. Petition for Resentencing

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.); Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188

---

[2] Other than his admission that he personally used a firearm in the commission of one of the two attempted murders, McClain did not stipulate to any specific facts about the crimes.

(defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6,[3] which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189.  (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)[4]  On October 5, 2021, the Governor signed into law Senate Bill No. 775 which amended then-section 1170.95 to, among other things, authorize relief for persons convicted of attempted murder under the natural and probable consequences doctrine.  (Sen. Bill No. 775 (2020-2021 Reg. Sess.); Stats. 2021, ch. 551, § 2.)  The amendment became effective January 1, 2022.

On September 7, 2023, McClain, as a self-represented litigant, filed a petition for resentencing using a pre-printed form. He checked boxes on the form indicating (1) an information was filed against him that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.  He also checked the box requesting appointment of counsel.

---

[3] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

[4] Senate Bill No. 1437 added the following provision to section 188:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

4

On November 6, 2023, without holding a prima facie hearing, the trial court summarily denied McClain's petition for resentencing. The court's minute order states the following reasons for the denial: "Petitioner was sentenced pursuant to an agreed-upon disposition. Specifically, the petitioner settled his case by pleading 'no contest' to two counts of attempted murder. Moreover, petitioner admitted that he 'personally discharged a firearm' pursuant to Penal Code section 12022.53(b).[5] There was a stipulation to the facts supporting his plea and admissions. The prosecution was not pursuing a theory of liability based upon aiding and abetting or natural and probable consequences. All of the evidence supports the conclusion that petitioner was the actual shooter and the direct perpetrator of the attempted murders."[6]

## DISCUSSION

McClain contends, the Attorney General concedes, and we agree the trial court prejudicially erred in denying McClain's petition for resentencing without appointing counsel for him.

## A.    Section 1172.6 and Other Applicable Law

As stated in section 1172.6, subdivision (a), a person convicted of attempted murder under the natural and probable

---

[5] As part of his plea deal, McClain admitted he personally *used* a firearm within the meaning of section 12022.53, subdivision (b). He did not admit he personally *discharged* a firearm.

[6] It is not clear what "evidence" the trial court was referencing in its minute order. We note that the record before us does not include a transcript of the preliminary hearing.

consequences doctrine may file a petition to have the attempted murder conviction vacated and to be resentenced on any remaining counts "when all of the following conditions apply:  [¶] (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶] (3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

When a defendant files and serves a facially sufficient petition under section 1172.6, subdivision (b), by completely filling out the pre-printed form petition and checking all required boxes, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief.  (§ 1172.6, subds. (b)-(c).)  As our Supreme Court explained:  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the

6

petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).)

If the petitioner makes a prima facie showing, the court must issue an order to show cause and hold an evidentiary hearing, unless the parties stipulate that the petitioner is entitled to relief. (§ 1172.6, subds. (c)-(d)(2).) At the evidentiary hearing, the prosecution has the burden of "prov[ing], beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

When a trial court errs in declining to appoint counsel for a defendant in connection with a section 1172.6 petition for resentencing, we review for harmless error under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, which requires a defendant to " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.) "More specifically, a [defendant] 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded

7

assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

**B.    Analysis**

There is no dispute that McClain filed a facially sufficient petition under section 1172.6, subdivision (b).[7]  Thus, the trial court erred in denying the petition on the merits without appointing counsel to represent McClain, allowing briefing from both sides, and holding a hearing to determine whether McClain made a prima facie showing for relief.  (See § 1172.6, subds. (b)-(c).)  The Attorney General concedes the error.

The Attorney General also concedes and we agree that the error was prejudicial.  There is nothing in the record of conviction before us conclusively refuting the allegations in McClain's petition that he was convicted of attempted murder under the natural and probable consequences doctrine, and that he could not now be convicted of that crime because of changes to section 188, effective January 1, 2019.  (§ 1172.6, subd. (a).)  The record of conviction does not establish that McClain discharged a firearm, let alone that he did so with malice aforethought.  Nor does the record establish that McClain directly aided and abetted an attempted murder with intent to kill (a still-valid theory of attempted murder unaffected by the amendment to section 188). (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548 ["Direct

---

[7] The Attorney General notes the record does not show that McClain served the petition on the district attorney as required under section 1172.6, subdivision (b)(1).  The Attorney General acknowledges, however, that the trial court accepted the petition for filing and summarily denied it on the merits, so the purported lack of service is not an issue here.

8

aiding and abetting remains a valid theory of attempted murder after the enactment of Senate Bill No. 775"].)  Based on this record of conviction, it is reasonably probable that if McClain had been afforded assistance of counsel, the trial court would not have summarily denied his petition without an evidentiary hearing.  (See *Lewis, supra*, 11 Cal.5th at p. 974.)  Therefore, the court's error in declining to appoint counsel for McClain was prejudicial, and we reverse the order denying the petition.

In his opening appellate brief, McClain urged us to remand the matter and direct the trial court "to appoint counsel, issue an order to show cause, and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d)."  In the respondent's brief, the Attorney General pointed out that the next steps after appointment of counsel are those enumerated in section 1172.6, subdivision (c)—briefing and a prima facie hearing.  McClain did not file a reply brief.

The intermediate steps between the appointment of counsel and an evidentiary hearing are mandatory, not optional.  (See § 1172.6, subd. (c) ["Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor *shall* file and serve a response. . . .  After the parties have had an opportunity to submit briefings, the court *shall* hold a hearing to determine whether the petitioner has made a prima facie case for relief"], italics added.)  We remand the matter for further proceedings under section 1172.6, beginning with the appointment of counsel for McClain under subdivision (b), and briefing and a prima facie hearing under subdivision (c).  We express no opinion at this juncture as to whether the trial court should issue an order to show cause under subdivision (c) and hold an evidentiary hearing under subdivision (d).

9

## DISPOSITION

The November 6, 2023 order denying the petition for resentencing is reversed and the matter is remanded for further proceedings under section 1172.6, including the appointment of counsel for McClain under subdivision (b), and briefing and a prima facie hearing under subdivision (c).

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.

10